UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:14-CV-61273-JIC

NELSON RITZ,
    Plaintiff,

v.

WIPRO LIMITED CORP, a Foreign
For-Profit Corporation, a/k/a
WIPRO LIMITED,
    Defendant.
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, NELSON RITZ ("Plaintiff" or "RITZ"), by and through his undersigned counsel, and sues the Defendant, WIPRO LIMITED CORP., a Foreign For-Profit Corporation, a/k/a WIPRO LIMITED, ("WIPRO"), and for his cause of action alleges and avers as follows:

### STATEMENT OF THE CLAIM

1. This is a claim for damages for national origin and color discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.* ("Title VII"); ethnicity and ancestry discrimination in violation of The Reconstruction Era Civil Rights Act, 42 U.S.C. §1981; and national origin and color discrimination in violation of the Florida Civil Rights Act of 1992 ("FRCA"), §760.01 *et. seq.*,

### JURISDICTION AND VENUE

2. Jurisdiction is vested in this Court over these claims pursuant to 42 U.S.C §2000e (5) (f) (3) and 28 U.S.C. § 1331. This Court has jurisdiction over the State claims pursuant to 28 U.S.C. §1367.

3. The unlawful unemployment practices complained of herein occurred throughout the State of Florida, including the events which led up to Plaintiff's ultimate separation from the Defendant's' employ.  Additionally, the Defendant, which is engaged in the business of designing and setting up information technology systems for various businesses, has a principal headquarters in Miami-Dade County, at which, upon information and belief, the records pertaining to Plaintiff's employment and separation are kept, and additionally does business throughout Florida and specifically in Broward County, Florida. Both counties are within the jurisdiction of this Court.

4. Accordingly, jurisdiction and venue over the claims asserted herein are appropriately laid in this Court.  42 U.S.C. § 2000e 5(f) (3).

## THE PARTIES

5. Plaintiff, RITZ, is a white Hispanic American male, a resident and citizen of Jacksonville, Florida, over the age of 18 years, and is otherwise *sui juris*.

6. Defendant, WIPRO, is a foreign for- profit Corporation, incorporated in Bangalore, India, listing its principal address in Bangalore, India and its mailing address in New Jersey.

7. According to its website, WIPRO is a global information technology consulting and outsourcing company with 145,000 employees serving over 900 clients in 60 countries, including the United States.  WIPRO posted revenues of $6.9 billion for the financial year ending March 31, 2013.

8. Plaintiff, Ritz, was and at all times material hereto has been, an employee within the meaning of Title VII, 42 U.S.C. §2000e (f), and  "person" within the meaning of 42 U.S.C. §1981(a), and an "aggrieved person" within the meaning of the FCRA, §760.02(10), Fla. Stat. Ritz filed a charge of discrimination with the Florida Commission

on Human Relations ("FCHR") and the United States Equal Employment Opportunity Commission ("EEOC") on or about October 1, 2013, alleging discrimination based on race, color and national origin (Exhibit 1 attached hereto). The FCHR did not act within 180 days, and the EEOC issued its Notice of Right to Sue on March 11, 2014 (Exhibit 2 attached hereto).

9. WIPRO at all times material hereto employed over 15 or more persons in each of twenty (20) or more calendar weeks in both the current and preceding years, and thus was at all times material hereto an "employer" within the meaning of Title VII, 42 U.S.C. §2000e-1(b) and the FCRA, §760.02(7), Fla. Stat.

## ALLEGATIONS OF FACT

10. WIPRO at all times material hereto was a major provider of information technology services to Citibank/Banamex.

11. WIPRO at all times material hereto was a major provider of information technology services to Citibank and Banamex. Citibank is an American banking institution and Banamex is a Mexican banking institution.

12. In or about February 2011, Ritz was hired by WIPRO because of Ritz's expertise and reputation in the information technology industry. He was initially assigned to manage Citibank's Rainbow Initiative. The Rainbow Initiative involved development of a standard information technology platform which would be uniform to Citibank and its worldwide partners. While employed with WIPRO, Ritz performed certain consulting work at Citibank/Banamex regarding their information technology systems and the switch to a standard worldwide platform. Ritz was compensated by WIPRO at a *per annum* salary of $140,000.00 plus a $30,000.00 annual bonus, quality group health

insurance and other benefits.  Ritz performed the work with a high degree of professionalism which met or exceeded WIPRO's standards, such that WIPRO management and the client were very satisfied and indicated such both orally and in writing.

13. Ritz was based out of Jacksonville, Florida but performed much of his work for Citibank/Banamex on location in São Paolo, Brazil and Mexico City, Mexico.

14. On or about January 2012, WIPRO took Ritz off the Citibank/Banamex Rainbow Initiative project without reason or explanation.  However, other dark complected East Indian WIPRO personnel, based in India and the United States, who had worked under or with Ritz, continued to perform work on that project and upon information and belief continue to work on it to the date of this Complaint.

15. In April 2012, Ritz was tasked by WIPRO to work on a brief analysis at Citibank Capital Advisors in New York City.  Ritz did so and again performed the work in an exemplary fashion which met or exceeded WIPRO's standards.  Ritz received excellent reports from the client for his work.  Despite the exemplary work done by Ritz, Ritz was not retained to perform any follow up work on this project. Rather, Ritz was in fact replaced on this project by WIPRO dark complected East Indian personnel who continued the work on it.

16. At this point in time, it was becoming clear to Ritz that WIPRO dark complected East Indian employees were replacing him on jobs that he had either obtained for WIPRO and on which he had begun to work, or for which WIPRO had initially tasked him, even though Ritz was better qualified to perform the work than the East Indian employees who replaced him on these jobs.

17. From January 2012 through the date of Ritz's termination on July 5, 2013, Ritz attempted 47 times to engage in new WIPRO projects to no avail. These projects were all staffed with dark complected East Indian employees.

18. In addition from January 2012 through December 2012, WIPRO terminated numerous white, Hispanic and other non-East Indian personnel who had worked with Ritz, and others resigned for lack of job assignments. WIPRO filled all or virtually all job assignments with dark complected East Indian employees.

19. It became obvious that WIPRO's marketing strategy was to obtain large projects from American businesses located in the United States as well as internationally by holding itself out to be an American company and by using white or light complected American employees to accomplish that goal. Once WIPRO obtained the business it sought, WIPRO would force out the American white or light complected personnel by replacing them with dark complected East Indian employees who would perform the actual work on the projects or assignments which resulted from having obtained the business, and by not giving the American employees further assignments. Specifically, Citibank at all times material hereto was a big American client for WIPRO. The Citibank/Banamex Rainbow Initiative project employed numerous white or light complected Americans at its inception. Eventually, that project was staffed with all or mostly all dark complected East Indian employees.

## COUNT I

## COLOR AND NATIONAL ORIGIN DISCRIMIINATION IN VIOLATION OF TITLE VII

20. Ritz realleges and reaveres as if fully set forth herein paragraphs 1-19 of the within Complaint.

21. By and through the above described acts and conduct, Defendant, WIPRO, discriminated against Ritz due to his color and national origin.

22. WIPRO engaged in the above referenced acts and conduct with malice and deliberate or reckless disregard of Ritz's rights under Title VII.

23. Ritz complained to WIPRO in June 2013 about the disparate and worse treatment to which he was being subjected because of his color and American national origin, but WIPRO offered him no relief; rather, WIPRO stepped up its unlawful discriminatory treatment of Ritz by refusing to allow him to work and eventually terminating Ritz's employment. WIPRO refused to allow Ritz to perform his duties and responsibilities to which it had assigned him. WIPRO did not subject similarly situated dark complected personnel of East Indian descent to such treatment. Rather, WIPRO provided dark complected personnel of Indian descent who were similarly situated and those with much less experience and training to have opportunities for appointments to projects including, but not limited to, Citibank.

24. As a result of WIPRO's unlawful acts and conduct as described herein, Ritz has suffered pecuniary and non-pecuniary damages and will continue to suffer such damages into the future unless WIPRO is enjoined from engaging in such unlawful conduct.

WHEREFORE, Plaintiff, NELSON RITZ, demands judgment against the Defendant, WIPRO LIMITED CORP a/k/a WIPRO LIMITED, as follows:

   a. A declaration by the Court that WIPRO's conduct has violated Title VII and an order enjoining any such further conduct;

   b. Back pay and benefits payable from the time of discharge to the time of trial of this cause, with interest;

  c. Compensatory damages;

  d. Punitive damages;

  e. Attorney's fees;

  f. Costs and expenses of litigation;

  g. Such other and further relief as this Court shall deem just and reasonable.

**COUNT II**
**COLOR AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

25. Plaintiff, NELSON RITZ, realleges and reavers as if fully set forth herein paragraphs 1 - 19 of the within complaint.

26. By and through the above described acts and conduct, Defendant, WIPRO, discriminated against Ritz due to his color and national origin.

27. WIPRO engaged in the above referenced acts and conduct with malice and deliberate or reckless disregard of Ritz's rights under the FCRA.

28. Ritz complained to WIPRO in June 2013 about the disparate and worse treatment to which he was being subjected because of his color and American national origin, but WIPRO offered him no relief; rather, WIPRO stepped up its unlawful discriminatory treatment of Ritz by refusing to allow him to work and eventually terminating Ritz's employment.  WIPRO refused to allow Ritz to perform his duties and responsibilities to which it had assigned him.  WIPRO did not subject similarly situated dark complected personnel of East Indian descent to such treatment.  Rather, WIPRO provided dark complected personnel of Indian descent who were similarly situated and those with much less experience and training to have opportunities for appointments to projects including, but not limited to, Citibank.

29. As a result of WIPRO's unlawful acts and conduct as described herein, Ritz has suffered pecuniary and non-pecuniary damages and will continue to suffer such damages into the future unless WIPRO is enjoined from engaging in such unlawful conduct.

WHEREFORE, Plaintiff, NELSON RITZ, demands judgment against the WIPRO LIMITED CORP a/k/a WIPRO LIMITED, as follows:

   a. A declaration by the Court that WIPRO's conduct has violated the FCRA and an order enjoining any such further conduct;
   b. Back pay and benefits payable from the time of discharge to the time of trial of this cause, with interest;
   c. Compensatory damages;
   d. Punitive damages;
   e. Attorney's fees;
   f. Costs and expenses of litigation;
   g. Such other and further relief as this Court shall deem just and reasonable.

## COUNT III
## ETHNICITY AND ANCESTRY DISCRIMINATION IN VIOLATION OF THE RECONSTRUCTION ERA CIVIL RIGHTS ACT, 42 U.S.C. § 1981

30. Plaintiff NELSON RITZ, realleges and reavers as if fully set forth herein paragraphs 1 - 19 of the within complaint.

31. By and through it's above described acts and conduct, Defendant WIPRO discriminated against Plaintiff due to Plaintiff's ethnicity and ancestry, American Hispanic.

32. WIPRO engaged in the above referenced acts and conduct with malice and deliberate or reckless disregard of Ritz's rights under § 1981.

33. Ritz complained to WIPRO in June 2013 about the disparate and worse treatment to which he was being subjected because of his ethnicity and ancestry, American Hispanic, but WIPRO offered him no relief; rather, WIPRO stepped up its unlawful discriminatory treatment of Ritz by refusing to allow him to work and eventually terminating Ritz's employment.  WIPRO refused to allow Ritz to perform his duties and responsibilities to which it had assigned him.  WIPRO did not subject similarly situated personnel of East Indian non-American non-Hispanic ethnicity and ancestry to such treatment.  Rather, WIPRO provided personnel of Indian non-American non-Hispanic ethnicity and ancestry who were similarly situated and those with much less experience and training to have opportunities for appointments to projects including, but not limited to, Citibank.  As a result of WIPRO's unlawful acts and conduct as described herein, Ritz has suffered pecuniary and non-pecuniary damages and will continue to suffer such damages into the future unless WIPRO is enjoined from engaging in such unlawful conduct.

WHEREFORE, Plaintiff, NELSON RITZ, demands judgment against the Defendant, WIPRO LIMITED CORP a/k/a WIPRO LIMITED, as follows:

    a. A declaration by the Court that WIPRO's conduct has violated the FCRA and an order enjoining any such further conduct;

    b. Compensatory damages;

    c. Punitive damages;

    d. Attorney's fees;

    e. Costs and expenses  of litigation;

    f. Such other and further relief as this Court shall deem just and reasonable.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2014, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

KRISTINE M. JOHNSON, P.A.

   */s/Kristine M. Johnson*
Kristine M. Johnson, Esquire
Florida Bar No.: 119024
Email: eservice@kristinemjohnson.com
10620 Griffin Road, Suite 106
Cooper City, Florida 33328
Telephone: 954-320-4595/Facsimile: 954-515-1479
Attorney for Plaintiff

## SERVICE LIST
*Ritz v. WIPRO Limited Corp*
*Case No.: 14-CV-61273-JIC*

Seyfarth Shaw, LLP
Lead Counsel for Defendant
John T. Murray, Esquire
Georgia Bar No.: 531998
Email: jmurray@seyfarth.com
Olushola Ayanbule, Esquire
Georgia Bar No.: 834796
Email: oayanbule@seyfarth.com
Seyfarth Shaw, LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
Tel: 404.885.1500
Fax: 404.892.7056
*Via CM/ECF*

Grayrobinson, P.A.
Local Counsel for Defendant
Jay Thornton, Esquire
Florida Bar No.: 323070
Jay.thornton@gray-robinson.com
Anastasia Protopapadakis, Esquire
Florida Bar No.: 051426
Anatasia.protopapadakis@gray-robinson.com
Greyrobinson, P.A.
401 Eat Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Tel: 954.761.8111
Fax: 954.761.8112
*Via CM/ECF*